THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 29, 1971

Honorable Robert S. Calvert                Opinion No. M-913
Comptroller of Public Accounts
State of Texas                             Re:  Questions concerning
Austin, Texas                                   Article 6.01, et seq.,
                                                Title 122A, V.C.S.,
                                                and amendments thereto
                                                contained in H.B. 730,
                                                Acts 1971, 62nd Leg.,
Dear Mr. Calvert:                               R.S.

       You have requested an opinion on the following questions
concerning the Motor Vehicle Retail Sales and Use Tax Act,
as amended.[1]

       "1.  A purchaser who buys a motor vehicle for "leas-
       ing" as that term is defined in Article 6.03(f)
       (added by H.B. 730) must pay motor vehicle tax
       upon the purchase price of the vehicle at the time
       of registration thereof.  If such person there-
       after "leases" this motor vehicle to another person
       for two (2) months, then elects to "rent" (as that
       term is defined in Article 6.03(E), added by H.B.
       730) the same vehicle to others for a series of
       daily or weekly rentals is the owner entitled to
       any credit or reimbursement due to the fact that
       he has paid motor vehicle tax upon the original
       purchase price?

       "2.  Does Article 6.04, as amended by H.B. 730, make
       applicable to motor vehicle tax reports the penalty
       and interest provisions, the one per cent (1%) re-
       tailer reimbursement provisions, direct pay provision,
       and the prepayment discount provisions contained in
       Article 20.05, Limited Sales, Excise and Use Tax Act?

_____

       [1]  All articles herein referred to are comprehended within
Chapter 6, Title 122A, Taxation-General, Vernon's Civil Statutes,
unless otherwise stated.

-4446-

"3. In many instances, a deposit is required of a person desiring to rent a car. When the car is returned, the deposit is credited toward the amount of rental due. Is this office correct in assuming that the motor rental tax is to be collected at the time the vehicle is returned and at the time any deposit is credited toward the rental due?

"4. If a car rental agency has no office or operation at the place at which the car is to be left at the conclusion of a rental, it is common for such agency to levy a "drop-charge" to recompense the agency for its expense involved in picking up the car. Is such drop-charge, or similar charge, subject to tax under Article 6.01(1), as amended by H.B. 730, or other provisions of that Chapter as so amended?

The amendments to Chapter 6, Title 122A, Taxation-General, Vernon's Civil Statutes, became effective on July 1, 1971. Prior to these amendments, the Motor Vehicle Retail Sales and Use Tax Act did not tax rentals of motor vehicles. The above mentioned amendments impose a tax under Chapter 6 on the receipts from such rentals and on the total consideration paid or to be paid on a lease of a motor vehicle. Pertinent provisions of the Motor Vehicle Act as related to this opinion are hereafter quoted:

Relevant sections of Article 6.01 read as follows:

"(1) There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to four per cent (4%) of the total consideration paid or to be paid for said motor vehicle. In the case of a motor vehicle purchased to be rented or held for rental, the tax is levied on the gross rental receipts of the renting of such motor vehicle at the same rate as that tax levied in Article 20.02 of this title. Provided, however, that where the period for rental is intended to be for more than 31 days, such rental is deemed to be a lease as defined in this Article and the purchaser-lessor must pay the tax on total consideration paid or to be paid for said motor vehicle. The tax on rental receipts shall be collected by the owner from the renter who has exclusive use of the

-4447-

motor vehicle for a period of time and has the
right to direct the manner of use of the vehicle,
whether exercised or not, for that period. ..."

"...

"(6)  In the renting of motor vehicles, ..., the
purchaser shall furnish the County Assessor and
Collector of Taxes with a resale certificate in
accordance with the provisions of Article 6.04 of
this Chapter, whereupon the Tax Collector shall
accept the motor vehicle for registration or
transfer.

"(7)  Motor vehicles purchased to be rented or to
be held for renting must be purchased by an owner
for use in a business where the renting of motor
vehicles is an established business.  Every motor
vehicle used in a business which either rents or
leases motor vehicles to others, as those terms
are defined in this Article, and for consideration,
must have paid the tax on total consideration at the
time of purchase of those motor vehicles intended
for leasing or must be collecting and paying the
gross rentals receipts tax on renting those motor
vehicles.  Any motor vehicle leased in this State
and owned by the original manufacturer must be
registered in this State and taxed in accordance
with the provisions of this Article.  If a person
engages in both renting and leasing of motor vehicles,
he shall keep complete and adequate records,
segregating or enabling the segregration of both
types of transactions.

"(8)  When the owner of a motor vehicle changes the
status of the motor vehicle from a rental unit to
a lease unit, the owner shall so inform the State
Comptroller of Public Accounts of such change on a
form to be supplied by the Comptroller, and the
owner shall then pay the tax on such motor vehicle
based on the owner's book value and at the rate
provided in this Article."

The relevant portions of Article 6.03 read as follows:

"The following words shall have the following
meaning unless a different meaning clearly appears
from the context.

-4448-

"...

"(B) Retail Sale. The term 'retail sale' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use and shall not include those operated under and in accordance with the terms of Article 6686, Revised Civil Statutes of Texas, 1925, as amended. The term 'retail sale' also shall include rentals the gross receipts from which are subject to the tax imposed by this Chapter, and purchases used or to be held for in such rentals shall be considered purchases for resale."

"...

"(D)(3) Any person purchasing motor vehicles for resale at retail who has obtained a certificate of title to a motor vehicle which he uses for personal or business purposes may deduct the fair market value of such vehicle from the 'total consideration' when such person purchases another motor vehicle upon which he obtains a certificate of title as a substitute vehicle for personal or business use and the original vehicle is offered for sale at retail."

"(E) Rental or Renting. Those terms as herein used shall mean the agreeing by the owner to give exclusive use of a motor vehicle to another for a consideration and for a period of time not to exceed 31 days under any one agreement.

"(F) Lease or Leasing. Those terms as herein used shall mean the agreeing by the other to give exclusive use of a motor vehicle to another for a consideration and for a period of time exceeding 31 days under such agreement."

"Article 6.04.  Collection of Taxes.

"The taxes on total consideration paid or to be paid levied in this Chapter shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered

or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid or he is furnished with a resale certificate in accordance with Article 6.01(6) of this Chapter.

"The taxes on gross rental receipts levied in this Chapter shall be reported and paid to the State Comptroller of Public Accounts in the same manner that the Limited Sales, Excise and Use Taxes of this State are reported and paid by retailers under Chapter 20, Article 20.05. Motor vehicle owners required to collect, report and pay the taxes on gross rental receipts imposed by this Chapter shall register as sellers with the State Comptroller of Public Accounts and obtain from him a Motor Vehicle Retail Seller's Permit in the same manner as required under the Limited Sales, Excise and Use Tax laws of this State, Article 20.031 of this title.

"...The tax shall be paid at the time application is made for registration of said motor vehicle, and the Tax Collector shall refuse to issue the registration license until the tax is paid or he is furnished with a resale certificate in accordance with Article 6.01(6) of this Chapter."

Under these amendments, the tax imposed on every retail sale of a motor vehicle in Texas was raised from three per cent (3%) of the total consideration paid or to be paid for such motor vehicle to four per cent (4%). In case of a motor vehicle purchased to be rented or held for rental for periods not exceeding 31 days in any one agreement, the tax is levied on the gross rental receipts. When a motor vehicle is purchased for rental for more than 31 days, the rental is considered a lease and not a rental. The tax due on the motor vehicle by the purchaser-lessor is the total consideration paid or to be paid for it.

If a motor vehicle owner changes the status of his motor vehicle from a rental unit to a lease unit, the act provides that the owner will be taxed on such vehicle according to its book value instead of the receipts from the rental of such vehicle. Question number one poses a question with regard to the reverse factual situation, that is, whether any credit

or reimbursement may be allowed when a person leases a motor vehicle and then later desires to rent the same vehicle, having paid the motor vehicle tax upon the original purchase price. The law in question is silent as to any credit or reimbursement that may be granted or is due to an owner in a situation where there is a lease and then a rental of the same motor vehicle. The owner has the option at the time of purchase to choose the rental unit use for his vehicle and be accorded the change in tax status authorized by Article 6.01(8). If he selects the lease unit use, he must pay the tax as provided in Chapter 6 without a change. Therefore, it is the opinion of this office that the question of any relief that may be given to the owner in such instances by way of credit on or reimbursement from his taxes paid was within the purview of the Legislature, and we must assume from the absence of any language in the statute that may reasonably be interpreted to grant such relief, that the Legislature did not authorize the giving of such credit or reimbursement. Therefore your Question Number 1 is answered in the negative.

Your Question Number 2 concerns the applicability of the penalty and interest provisions, the one per cent retailer reimbursement provisions, direct pay provisions and the prepayment discount provisions of Article 20.05 of the Limited Sales, Excise and Use Tax Act, Chapter 20, Title 122A, Taxation-General, Vernon's Civil Statutes, to the reports and payments required under the Motor Vehicle Retail Sales and Use Tax Act here under discussion. In view of the provisions of Article 6.04 requiring the taxes levied on gross rental receipts to be reported and paid in the same manner as the general sales and use taxes are so reported and paid, we deem such provisions of Article 20.05 of the Limited Sales, Excise and Use Tax Act, which are designed to facilitate the collection of such taxes, to be equally applicable to the Motor Vehicle Sales and Use Taxes.

Therefore your Question Number 2 is answered in the affirmative.

We are of the opinion that the motor vehicle tax on rentals is due at the time of payment of the rental charges. This answers your Question Number 3 in the affirmative.

Article 6.03(D)(1) defines "total consideration" as:

"the amount paid or to be paid for said motor
vehicle ... at the time of sale ..."

Under Article 6.03(B) a "Retail Sale" is defined to include
rentals "the gross receipts from which are subject to the
tax imposed by this Chapter ..." Therefore, since a rental
is a retail sale, the definition of total consideration for
a sale in Article 6.03(D)(1) now would cover a rental. In
your Question Number 4, you ask whether a "drop-charge" as
stated in that question is taxable under Article 6.01(1).
Apparently the charge is paid by the person renting the
vehicle at the time that he rents it or at some time
thereafter.

Under Article 6.03(D)(1), the total rental consideration
includes all amounts paid or to be paid for the rental at the
time of rental, unless otherwise excluded. Article 6.03(D)
(2) lists items not included within the meaning of total
consideration. Among these items and the only one seen to
be possibly applicable herein is:

"(f) charges for transportation of motor vehicles
after sale."

There are no facts to indicate that a "drop-charge" is
in effect a transportation charge within Subsection (f). Article
10, Vernon's Civil Statutes, provides that the provisions of
statutes shall be liberally construed with a view to effect
their objects. Calvert v. British American Oil Producing
Co., 397 S.W.2d 839, (Tex.Sup., 1966). The purpose of H.B.
730 as stated in the enacting clause is to raise revenue
to support the government of Texas. It would appear that a
"drop-charge" is just an amount imposed by the rental agency
as part of the total charge for renting the vehicle.
Therefore, the opinion of this office is that such charges
are taxable under Article 6.01(1) as part of the total
charge paid for the rental.

## SUMMARY

In the absence of any language in the statute that
might reasonably be interpreted to grant such relief,
it is assumed that the Legislature did not authorize
the giving of credit or reimbursement for motor
vehicle tax paid upon the original purchase price,

when the status of the vehicle is changed from a lease unit to a rental unit. Chapter 6, Title 122A, Taxation-General, V.C.S.

Since Article 6.04, Title 122A, Taxation-General, V.C.S., requires the taxes levied on gross rental receipts to be reported and paid in the same manner as the general sales and use taxes are so reported and paid, the provisions of Article 20.05, Limited Sales, Excise and Use Tax Act, which are designed to facilitate the collection of such taxes, are deemed to be equally applicable to the Motor Vehicle Sales and Use Tax Act.

The motor vehicle tax on rentals is due at the time of payment of the rental charges.

A drop-charge or similar charge is subject to tax under Chapter 6, Title 122A, V.C.S., as part of the total charge paid for the rental of the motor vehicle.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
and Harriet D. Burke
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Marietta Payne
Harold Kennedy
James Quick
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant